# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **ED CV 25-471-JFW(DTBx)** | Date: March 25, 2025 |
| Title: | Jammie Monroy -v- LGCY Power, LLC, et al. | |

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

     On January 6, 2025, Plaintiff Jammie Monroy ("Plaintiff") filed a Complaint in Riverside County Superior Court against Defendants LGCY Power, LLC ("LGCY"). On February 21, 2025, LGCY removed this action to this Court, alleging that this Court has jurisdiction based on diversity pursuant to 28 U.S.C. § 1332(a).

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, LGCY bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

     Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). A limited liability company is a citizen of every state of which its members are citizens. *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens"). In this case, LGCY has failed to adequately allege its citizenship. In the Notice of Removal, LGCY alleges only that "LGCY Power has been, and at the time of the filing of this notice of removal

remains, a citizen of Utah because all of its members are domiciled and located in Utah."  Notice of Removal, ¶ 12.  However, LGCY has failed to name its members and "[i]n this Court's view, [LGCY] cannot sufficiently demonstrate the citizenship of the embers of a limited liability company (or partnership) without alleging who those members are, so that the Court can determine whether the members themselves are limited liability companies (or partnerships).'"  *See Neerman v. Cates,* 2022 WL 18278398 (C.D. Cal. July 22, 2022) (*quoting Matrix International Textile, Inc. v. DMD International, Ltd.*, 2012 WL 12903645, at *1 (C.D. Cal. July 31, 2012)).  Indeed, in its Corporate Disclosure Statement Pursuant to Fed. R. Civ. Proc. 7.1 ("Corporate Disclosure"), LGCY names its two members – Robinson Holdings, LLC and LHT Ventures, LLC.  Although the Corporate Disclosure states that these two limited liability companies "were formed in Utah and have their principal places of business in Utah," it state who their members are.  As a result, the Court concludes that the allegations in the Notice of Removal are insufficient to establish the citizenship of LGCY and, thus, are inadequate to allege diversity jurisdiction.

      Accordingly, LGCY is ordered to show cause, in writing, on or before **March 27, 2025**, why diversity jurisdiction exists and why this action should not be remanded to Riverside County Superior Court for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to this Order to Show Cause will result in the remanding of this action to Riverside County Superior Court.

      IT IS SO ORDERED.